**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08194-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Nancy Ogle, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Peter Strojnik's Motion for Partial Summary Judgment. (Doc. 22). Because the Court concludes that Strojnik lacks standing to proceed in this Court, the Court will *sua sponte* remand the case to the Navajo County Superior Court for further proceedings.

**I.    BACKGROUND**

Strojnik visits hotels and their websites to ensure they meet the dictates of the Americans with Disabilities Act. (Doc. 1-1 at 3; Doc. 22 at 1). When Strojnik believes they fall short, he takes legal action, often filing complaints written in general terms that are routinely dismissed for failing to sufficiently allege Article III standing. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *5 (D. Ariz. Jan. 6, 2021) (collecting cases); *see also id.* at *7 ("The Court will take judicial notice of the fact that Mr. Strojnik has filed thousands [of] ADA lawsuits across the western United States.").

Because of his litigation conduct, a Judge of this Court has ruled that Strojnik is a vexatious litigant who "harasses and coerces parties into agreeing to extortive settlements."

*Id.* at *10. Judges in the District Courts for the Northern and Central Districts of California have reached similar conclusions. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12–13 (N.D. Cal. June 1, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's pleading practices waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." (internal quotation and alteration omitted)); *Strojnik v. SCG Am. Constr. Inc.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *6–8 (C.D. Cal. Apr. 19, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.").

This particular case involves a visit Strojnik made to Buck Springs Resort in Pinetop, Arizona on or about May 23, 2020. (Doc. 1-1 at 2, 12). On June 18, 2020, Strojnik filed a three-count complaint in the Navajo County Superior Court alleging: (1) violations of the ADA, (2) negligence, and (3) failure to disclose. (*Id.* at 2). Defendants timely removed the case to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the remaining claims. (Doc. 1 at 2).

Having considered the filings, the Court concludes that this case presents more of the same. Strojnik fails to sufficiently allege Article III standing, and a remand to Superior Court is appropriate.

## II.  LEGAL STANDARD

Our Constitution provides that "[t]he judicial Power shall extend to all Cases . . . [and] Controversies." U.S. Const. art. III, § 2, cl. 1. "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

The doctrine of standing requires a party to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020)

(quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

As relevant here, "an ADA plaintiff can establish standing to sue for injunctive relief . . . by demonstrating deterrence."[1] *Chapman*, 631 F.3d at 944. Under this "deterrent effect doctrine," "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098–99 (9th Cir. 2017); *Chapman*, 631 F.3d at 949–50; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008). But the mere existence of an ADA violation does not give any disabled person standing to sue; a plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him *due to his particular disability*." *Chapman*, 631 F.3d at 953 (emphasis added).

## III.   DISCUSSION

### a.   Physical Barriers

Strojnik's complaint alleges that several physical features of the Hotel violate the ADA's requirements. The complaint also lists Strojnik's various disabilities and alleges that he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA compliant as such compliance relates to [his] disability." (Doc. 1-1 at 3). But Strojnik does not make any effort to actually relate his conclusory assertion of deterrence to his particular disabilities. *See Chapman*, 631 F.3d at 953.

As noted in other cases from this Court, Strojnik's *modus operandi* is "to use the same boilerplate arguments used in his previous filings [and] insert[] new photos of alleged non-compliance . . . ." *See Strojnik v. B&L Motels Inc.*, No. CV-20-08306-PHX-SPL, 2020

---

[1] An ADA plaintiff may also establish standing by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Strojnik, however, does not allege that he suffered an injury-in-fact, so the Court focuses its analysis on the deterrent effect doctrine.

- 3 -

WL 7350897, at *2 (D. Ariz. Dec. 15, 2020); *Strojnik v. Lonesome Valley Hosp. LLC*, No. CV-20-08276-PHX-SPL, 2020 WL 7041347, at *2 (D. Ariz. Dec. 1, 2020). In this case, the complaint includes several unclear, dark, and grainy photos of the Hotel that are captioned with vague and conclusory language. (Doc. 1-1 at 10–12). According to the captions, the photos show that there was "[n]o accessible parking anywhere," an "[i]naccessible route to the office," and "inaccessible handrails on [an] inaccessible route." (*Id.*).

Rather than providing any concrete and meaningful statements relating the photos and captions to his disabilities, however, Strojnik alleges that these "conditions constitute a violation of the ADA and deprived [him] of full and equal access and enjoyment of the Hotel." (*Id.* at 12). But Strojnik must allege "more than labels and conclusions." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is Strojnik's responsibility to "connect the metaphorical dots of injury-in-fact," and he has failed to do so. *See Strojnik v. HPTRI Corp.*, No. CV-20-01868-PHX-SPL, 2020 WL 6827765, at *2 (D. Ariz. Nov. 20, 2020).

Strojnik's Motion for Partial Summary Judgment contains clearer pictures and captions composed of more words, but it is equally devoid of meaning. (*See* Doc. 22 at 2–3). For example, the caption under the photo of the Hotel's front office states:

> **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to level accessible route and a ramp to the entry. The lack of accessible route prevents Plaintiff from reaching the stairs, and the stairs prevent Plaintiff from reaching the office.

(*Id.* at 3). Although this statement includes a conclusory assertion that a barrier prevents Strojnik from accessing the office, the statement does nothing to connect the alleged lack of accommodations to Strojnik's alleged disability. Presumably, the lack of a ramp would prevent someone who requires a wheelchair to ambulate from reaching the office entrance. Strojnik, however, only alleges that he requires the use of a wheelchair when his impairments are in an "unmitigated, active state." (Doc. 1-1 at 6). But Strojnik does not indicate whether or how often this occurs or whether he required a wheelchair on the day

he visited the Hotel. (Doc. 1-1 at 6).

The Court acknowledges that the Ninth Circuit has recently reiterated that the standard for alleging standing under the ADA is not particularly demanding. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021). But it demands more than what Strojnik alleged here.

*Whitaker* involved a plaintiff who was "a quadriplegic who use[d] a wheelchair for mobility." *Id.* at 1074. The Court noted that "Whitaker's complaint allege[d] that he use[d] a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning." *Id.* at 1079. The Court held that "[t]hese allegations are sufficient to establish injury-in-fact for purposes of standing." *Id.*

In so holding, the Ninth Circuit distinguished *Chapman*, where the plaintiff "attached an accessibility survey to his complaint that identified multiple ADA barriers that he claimed 'denied him access to the [s]tore [at issue], *or* which he [sought] to remove on behalf of others under related state statutes.'" *Id.* (quoting *Chapman*, 631 F.3d at 954). The *Whitaker* Court noted that the plaintiff in *Chapman* did not sufficiently allege standing because the "survey did not connect the barriers to Chapman's disability or indicate which barrier or barriers he had personally encountered." *Id.*

The Court finds this case more analogous to *Chapman* than *Whitaker*. Strojnik's complaint simply alleges that his various disabilities "affect" certain body systems and "limit" major life activities without describing what those effects or limitations are. (Doc. 1-1 at 4). Absent any meaningful relation between the alleged ADA violations and his disabilities, Strojnik's complaint is no more than a slightly-dressed-up survey of Defendants' alleged ADA violations. Accordingly, Strojnik has failed to allege Article III standing as it relates to the physical barriers at the Hotel.

  **b.**  **The Website**

Turning next to Defendants' website, Strojnik's complaint states that Defendants' website does not provide accessibility information. (Doc. 1-1 at 10). Strojnik alleges that

the website "fail[s] to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit [him] to assess independently whether Defendant's Hotel or guest room meet [his] accessibility needs." (*Id.*). But this allegation "merely parrots the cited regulation and does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the website[]." *See Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 242912, at *4 (N.D. Cal. Jan. 25, 2021) (collecting cases in which "[s]imilarly vague and conclusory allegations have been found insufficient to support Mr. Strojnik's standing"). Accordingly, Strojnik has failed to allege Article III standing as it relates to the website.

### c.  Remand

Having concluded that the Court does not have jurisdiction over Strojnik's ADA claim, the Court will remand the case to the Navajo County Superior Court. Strojnik lacks standing to proceed in this Court, and this Court consequently has no authority to retain jurisdiction over his state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Further, the Court finds that granting Strojnik leave to amend the complaint would be futile. *See B&L Motels Inc.*, 2020 WL 7350897, at *4 n.2 ("Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile.").

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Clerk of Court shall remand this case to the Navajo County Superior Court and terminate the case.

///

///

///

///

**IT IS FURTHER ORDERED** that upon remand, Strojnik's Motion for Partial Summary Judgment (Doc. 22) shall remain pending before the Superior Court.

Dated this 5th day of April, 2021.

James A. Teilborg
Senior United States District Judge